# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANTONIO OCHOA, CDCR #F-81217<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HILL, Warden; DR. JOHN HODGES; DR. LUZVIMINDA SAIDRO; JANE DOE, Registered Nurse,<br><br>Defendants. | Case No.: 23-cv-2058-MMA-MMP<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>[Doc. No. 2]<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I. INTRODUCTION

Marcus Antonio Ochoa ("Plaintiff" or "Ochoa"), currently incarcerated at California State Prison – Los Angeles County ("CSP-LAC") located in Lancaster, California and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff has also filed a certified copy of his prison trust account fund statement, which the Court construes as Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. No. 2.

For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP motion but **DISMISSES** his Complaint without prejudice and with leave to amend.

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff has provided a Prison Certificate authorized by a CSP-LAC accounting officer. Doc. No. 2 at 2. During the six months prior to filing suit, Plaintiff had an average monthly balance of $8.34, average monthly deposits of $8.33, and an available account balance of $5.01 at the time he filed suit. *Id*. Accordingly, The Court **GRANTS**

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec., 2022)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

Plaintiff's IFP motion. The Court assesses an initial partial filing fee of $1.67. Plaintiff remains obligated to pay the remaining $348.33 in monthly installments even if this action is ultimately dismissed. 28 U.S.C. §§ 1915(b)(1) & (2).

### III. Screening Pursuant to 28 U.S.C. § 1915(e) and § 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

#### B. Plaintiff's Allegations

Plaintiff's Complaint contains very few specific factual allegations of the events that took place giving rise to this action. It appears at an unspecified time, that Plaintiff was informed by Sergeant Mitchell ("Mitchell"), the ADA Liaison Officer, that he was going to be moved to a different cell because "they wanted to put another inmate in the cell that I was occupying." Compl. at 6. Plaintiff informed Mitchell that he could not move cells because he "couldn't walk up the stairs because [he] had a tendency to trip on them due to [his] mobility impairments." *Id.* However, Mitchell told Plaintiff that

"medical had cleared [him]" and "threatened to put [Plaintiff] in Administrative Segregation if [he] did not comply." *Id.*

Plaintiff seeks to hold Defendant Doctor John Hodges ("Hodges") liable as he claims his medical placement status was changed "without conducting a proper medical/physical examination." *Id.* at 5. As a result, Plaintiff was "moved to an upper tier from where [he] had a terrible fall due to [Hodges] negligent recommendation." *Id.* Plaintiff also claims "Nurse Jane Doe" was not qualified to conduct a physical examination and her examination was purportedly the "basis for everything that ensued." *Id.* Plaintiff alleges Defendant Doctor Luzviminda Saidro ("Saidro") is his primary care provider and she informed Plaintiff that she would not take any action with Hodges' decision to change Plaintiff's medical placement because she allegedly "wasn't going to go against her supervisor's decision." *Id.*

**C.  Discussion**

    *1.  Official Capacity Claims*

As an initial matter, the Court notes that Plaintiff brings this action against the named Defendants in their individual and official capacities. A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable only if "'policy or custom'. . . played a part in the violation of federal law." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy*, 594 F.3d at 713. Here, Plaintiff has failed to include

factual allegations that the violations at issue in this action were the result of a policy or custom of the CDCR.  As such, Plaintiff fails to state an official capacity claim against any named Defendant, and his official capacity claims must be dismissed.

       2.      *Eighth Amendment*

Plaintiff alleges his Eighth Amendment rights were violated when he was moved to an upper tier cell which he alleges caused him to fall.  *See* Compl. at 5–6.

       a.      <u>Respondeat Superior – Warden James Hill</u>

Plaintiff fails to state an Eighth Amendment claim against Warden Hill.  There is no respondeat superior liability under § 1983.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Specifically, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates.  *Iqbal*, 556 U.S. at 676–77.  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011).

As to Warden Hill, Plaintiff merely alleges that Hill is in charge of [Richard J. Donovan Correctional Facility ("RJD")] and "nothing happens without his consent."  Compl. at 6.  Plaintiff, however, fails to set forth any specific facts to demonstrate Hill knew of any medical decisions impacting Plaintiff or that a change in cells would result to any injury to Plaintiff.  *See Taylor*, 880 F.3d at 1045.  Plaintiff fails to state a claim because he fails to provide *any* factual allegations which plausibly allege personal participation on the part of Warden Hill.  *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Governmental-official defendant, through the official's own individual actions, has violated the Constitution.").  Therefore, Plaintiff has failed to state a plausible claim against Warden Hill.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see also Lopez*, 203 F.3d at 1126–27.

//
//

b. Failure to Protect

Plaintiff's Complaint lacks sufficient specific factual allegations that would provide more information that forms the basis of his claims. However, it does appear that Plaintiff alleges Hodges, Jane Doe, Mitchell, and Saidro all violated his Eighth Amendment rights because of a change of placement in the "Disability Placement Program" caused him to be housed in a cell that led to his fall. *See* Compl. at 5–6.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837,; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's Complaint lacks specific factual allegations sufficient to demonstrate that he faced "substantial risk of serious harm" if he was moved to a different cell. He fails to allege facts to identify the basis for his need to be housed in a particular cell or on a particular tier. Plaintiff does allege that he had a "terrible fall down the stairs" but he does not identify his physical or medical condition that would place any Defendant on notice that being housed on the second tier would potentially cause him harm. He also does not allege any facts with regard to when the fall occurred and when his change to his status was made and therefore, it is unclear which Defendants would have been aware of a risk to his safety. In order to sufficiently allege plausible allegations that any of the

individual Defendants were deliberately indifferent to a risk of serious harm to his health and safety, Plaintiff would need to allege that they knew of a substantial risk to his health and safety *before* the alleged harm occurred.  There are insufficient facts from which the Court could find that Plaintiff has alleged that any of the named Defendants were deliberately indifferent to a risk to his safety.

    c.  <u>Inadequate Medical Care</u>

   To the extent that Plaintiff is also bringing Eighth Amendment inadequate medical care claims against Defendants, the Court finds that he has failed to state a claim. Prisoners are entitled to "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

   "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104) *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).  Again, Plaintiff's Complaint lacks any specific factual allegations relating to his medical needs and thus, at this time Plaintiff has not alleged any facts from which the Court could find that he suffers from a "serious" medical need.

   Moreover, in order to plead a viable Eighth Amendment claim for inadequate medical care, Plaintiff must also allege Defendants acted with deliberate indifference to his serious  medical needs. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle*, 429 U.S. at 104). "Deliberate indifference is a high legal standard" and is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (citation and internal quotation marks omitted). The prisoner must allege facts sufficient to show "(a) a purposeful act or failure to respond to [his] pain or

possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).  Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105–07; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges Nurse Jane Doe was "not qualified to do a proper examination." Compl. at 5.  However, there are no specific factual allegations about how the purported actions of this Defendant caused him any harm.  Plaintiff alleges Hodges changed his "medical restrictions" but offers no other allegations as to the basis on which Plaintiff's medical status was changed by Hodges.  As for Saidro, Plaintiff's alleges that she was his Primary Care Provider who informed him that she was going to agree with Dr. Hodges opinion with regard to Plaintiff's medical treatment.  He also apparently seeks to hold Defendant Sergeant Mitchell ("Mitchell") liable because he would not stop Plaintiff's cell transfer because he was informed that "medical had cleared [Plaintiff]." *Id*.  Once again, there are simply not enough facts from which the Court could find that Plaintiff allegations rise to the level of "deliberate indifference."

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to support a viable deliberate indifference claim. *Sanchez*, 891 F.2d at 242; *Toguchi*, 391 F.3d at 1058.  Essentially, Plaintiff contends that Hodges was wrong for changing his medical status and the other Defendants should have overturned or disregarded Hodges' medical opinion.  But to hold these Defendants liable for violating the Eighth Amendment's prohibition of cruel and unusual punishment, he must plead facts sufficient to plausibly show their medical opinions and treatment decisions were

"medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to his health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations omitted); *Iqbal*, 556 U.S. at 678. He has not.

Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

**D.   Leave to Amend**

Given Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### IV. CONCLUSION

For the reasons set forth above, the Court hereby:

1.   **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2.   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $1.67 initial filing fee as well as the remaining balance of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.   **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail Plaintiff a court approved civil rights form for his use in amending.

**IT IS SO ORDERED**.

Dated: November 16, 2023

HON. MICHAEL M. ANELLO
United States District Judge