UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ANTONIO OCHOA, CDCR #F-81217,<br><br>                              Plaintiff,<br><br>vs.<br><br>JAMES HILL, Warden; DR. JOHN HODGES; DR. LUZVIMINDA SAIDRO; JANE DOE, Registered Nurse; MITCHELL, Sergeant,<br><br>                              Defendants. | Case No.: 3:23-cv-2058-MMA-MMP<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

On November 6, 2023, Marcus Antonio Ocha ("Plaintiff"), an inmate currently incarcerated at California State Prison – Los Angeles County (CSP-LAC) located in Lancaster, California, filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

On November 16, 2023, the Court conducted the required sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and  dismissed Plaintiff's

Complaint for failing to state a claim. (ECF No. 3.) The Court granted Plaintiff forty five (45) days leave to file an amended complaint to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) On January 8, 2024, Plaintiff filed a request for extension of time to file an amended pleading. (ECF No. 4.) In this request, Plaintiff requests an additional sixty (60) days to file an amended pleading. (*See id.*)

## I.     Motion for Extension of Time

Plaintiff's request for extension of time is timely filed, he remains incarcerated, and is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

Plaintiff contends that he needs additional time to comply with the Court's Order due to "certain institutional programming impediments and health issues." (ECF No. 4 at 1.) The Court finds good cause to grant his request.

## II.    Conclusion and Order

Accordingly, the Court:

1)     **GRANTS** Plaintiff's Motion for Extension of Time to Amend. (ECF No. 4). Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Friday, April 26, 2024**. Plaintiff's Amended Complaint must also address all the deficiencies of pleading previously identified in the Court's November 16, 2023 Order (ECF No. 3), and must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the

original."); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

    2)    **CAUTIONS** Plaintiff that should he fail to file an Amended Complaint on or before **Friday, April 26, 2024**, the Court will enter a final Order dismissing his case based on his previous failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), as well as his failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058*,* 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

    **IT IS SO ORDERED**.

Dated: January 11, 2024

                                               */s/ Michael M. Anello*
                                          HON. MICHAEL M. ANELLO
                                          United States District Judge